SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-12-822

| | | |
|---|---|---|
| JESSIE HILL | APPELLANT | **Opinion Delivered** September 26, 2013 |
| | | APPELLEE'S MOTIONS TO DISMISS APPEAL AND TO STAY BRIEF TIME [OUACHITA COUNTY CIRCUIT COURT, 52CR-95-156, HON. EDWIN KEATON, JUDGE] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | |
| | | MOTION TO DISMISS APPEAL GRANTED; MOTION TO STAY BRIEF TIME MOOT. |

## PER CURIAM

Appellant Jessie Hill was convicted of first-degree murder in the Ouachita County Circuit Court in 1995. No appeal was taken, and this court denied his motion for belated appeal. *Hill v. State*, CR-96-710 (Ark. Nov. 4, 1996) (unpublished per curiam). Appellant unsuccessfully pursued various remedies for postconviction relief in the trial court, including motions under Act 1780 of 2001 and a petition for writ of error coram nobis. *See Hill v. State*, 2009 Ark. 248 (unpublished per curiam); *Hill v. State*, CR-08-637 (Ark. Jan. 30, 2009) (unpublished per curiam).

In 2012, appellant filed in the trial court a motion "challenging statutory construction and interpretation" and seeking "judgment of acquittal" on his 1995 conviction. The motion was denied, and appellant lodged an appeal in this court. After appellant filed his brief, the State filed motions to dismiss the appeal and to stay the time for filing the State's brief pending this court's decision on the motion to dismiss. The motion to stay brief time is moot because we grant the motion to dismiss, and we dismiss the appeal.

SLIP OPINION

An appeal of the denial of postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Greene v. State*, 2013 Ark. 251 (per curiam); *Bryant v. May*, 2013 Ark. 168 (per curiam); *Glaze v. State*, 2013 Ark. 141 (per curiam); *King v. State*, 2013 Ark. 133 (per curiam). The State asserts in its motion to dismiss that the trial court lacked jurisdiction to consider the motion appellant filed, contending that it should have been treated as an untimely motion for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2005). Regardless of whether the motion appellant filed may have been treated as a petition under Rule 37.1, it is clear that appellant cannot prevail because the trial court could not grant the relief requested in appellant's motion.

Appellant's motion challenging statutory construction and interpretation alleged that, under the appropriate statutory interpretation, the State failed to prove an element of the crime. Appellant asserted that the evidence at trial was insufficient because there was no fingerprint evidence connecting appellant to the gun that was the murder weapon. The prayer for relief cited our habeas statute. Appellant's motion, therefore, was appropriately treated as one for habeas relief. Because appellant was not incarcerated within the Ouachita County Circuit Court's jurisdiction, that court did not have jurisdiction to grant habeas relief. *See Watts v. State*, 2013 Ark. 25 (per curiam); *Wilencewicz v. Hobbs*, 2012 Ark. 230 (per curiam). Moreover, appellant's claim of insufficient evidence also failed to state grounds for habeas relief. *Dickinson v. Norris*, 2011 Ark. 413 (per curiam). Assertions of trial error, including a claim of insufficient evidence, are the type of issues that must be raised at trial or on the record on direct appeal. *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam).

SLIP OPINION

As the State correctly contends, if the court had elected to treat the claim as a petition under Rule 37.1, the petition would not have been timely because the petition was filed years after the judgment of conviction was entered. *See* Ark. R. Crim. P. 37.2(c) (1995) (where a conviction was not appealed, a petition claiming relief under the rule must be filed within ninety days of the date of entry of judgment). Moreover, a claim of insufficient evidence is not cognizable in Rule 37.1 proceedings. *Schniepp v. State*, 2012 Ark. 94 (per curiam). If the trial court had elected to treat the petition for relief as a petition for writ of error coram nobis, the motion would also fail. Claims of insufficient evidence to support a criminal conviction do not come within the recognized categories of error-coram-nobis relief. *Pierce v. State*, 2009 Ark. 606 (per curiam).

Appellant asserts in his response to the motion to dismiss that this court should recognize what he characterizes as plain error and that he should be able to raise such a claim of error regardless of his claim falling within any recognized category of postconviction relief. As noted, appellant had the opportunity to raise the claim through a direct appeal. Where a state undertakes to provide access to postconviction proceedings, it is not required to provide unlimited opportunity to present postconviction claims. *See Murry v. State*, 2011 Ark. 343 (per curiam).

Motion to dismiss appeal granted; motion to stay brief time moot.

*Jessie Hill*, pro se appellant.

No response.

3